TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Thomas M. RAFFAELLI, Appellee.

No. 06–95–00054–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 18, 1995.

Decided Aug. 30, 1995.

Shannon M. Fitzpatrick, Assistant District Attorney, Austin, for appellant.

Bobby L. Howell, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

The Texas Department of Public Safety (DPS) appeals from a district court order that reverses an administrative decision upholding the suspension of Thomas Raffaelli's driver's license.[1] The questions on appeal concern whether the record of the administrative proceeding is properly before us on appeal and whether the trial court correctly concluded that the administrative law judge's decision was erroneous and not supported by substantial evidence. A question is also raised concerning the form of the administrative order. We conclude that the agency record is properly before this court and that the trial court erred in overruling the administrative law judge's decision. We reverse and render judgment favoring the DPS.

State law authorizes the suspension of a person's driver's license when the person is arrested for driving while intoxicated but refuses to give a blood or breath specimen when requested to do so by a law enforcement officer. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 (Vernon Supp.1995), art. 6687b–1 (Vernon Supp.1995). A person notified of the suspension of his driver's license may

request a hearing before an administrative law judge employed by the State Office of Administrative Hearings. Tex.Rev.Civ.Stat. Ann. art. 6701*l*–5, § 2(j). A person whose license is suspended after the administrative hearing is entitled to judicial review of the decision. Tex.Gov't Code Ann. § 2001.171 (Vernon Supp.1995); Tex.Rev.Civ.Stat.Ann. art. 6687b–1, § 7(g). Judicial review is based on the substantial evidence rule. Tex.Rev. Civ.Stat.Ann. art. 6687b–1, § 7(h).

When review of an administrative decision is under the substantial evidence rule, the reviewing court may affirm the administrative decision in whole or in part or shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) unconstitutional or in violation of a statutory provision;

(B) beyond the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex.Gov't Code Ann. § 2001.174 (Vernon Supp.1995).

▇▇▇▇ At its core, the substantial evidence rule is a reasonableness or rational basis test. *El Paso v. Public Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994). The reviewing court thus concerns itself with the reasonableness of the administrative order, not its correctness. *Id.; Texas Health Facilities Comm'n v. Charter Medical—Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). Findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *El Paso,*

---

1. This case arises under the Administrative Procedure Act. *See* Tex.Gov't Code Ann. § 2001.051 (Vernon Supp.1995); *see also* Tex.Rev.Civ.Stat. Ann. art. 6687b–1, § 7(p) (Vernon Supp.1995) (Administrative Procedure Act applies to extent not inconsistent with this article).

883 S.W.2d at 185. If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld. *Texas Health,* 665 S.W.2d at 453.

## AGENCY RECORD

■ A threshold issue in this appeal is whether the record of the administrative proceeding is properly before us on appeal. The DPS failed to timely file a statement of facts in this appeal. We have no authority to consider a late-filed statement of facts. TEX. R.APP.P. 54(a); *Office of Pub. Util. Counsel v. Public Util. Comm'n,* 878 S.W.2d 598, 599 (Tex.1994).

■ The agency record from the Raffaelli hearing before the administrative judge is included in the appellate record as part of the timely-filed transcript. Rule 50 of the Texas Rules of Appellate Procedure provides that the record on appeal shall consist of the transcript and, where necessary to the appeal, a statement of facts. TEX.R.APP.P. 50(a). A statement of facts from the district court proceeding is unnecessary in the present case. There is no indication that the trial court received or considered additional evidence independent of the information contained in the agency record in arriving at its judgment. *See* TEX.GOV'T CODE ANN. § 2001.175(c), (e) (Vernon Supp.1995). Indeed, generally the trial court's review is confined to the agency record which, by law, the party seeking review must submit, and the trial court must admit, into evidence. TEX.GOV'T CODE ANN. § 2001.175(d), (e) (Vernon Supp.1995). We presume the trial court proceedings to be regular and in compliance with the law. *Waggoners' Home Lumber Co. v. Bendix Forest Prods. Corp.,* 639 S.W.2d 327, 328 (Tex.App.—Texarkana 1982, no writ). Thus, we presume that the trial court followed the law and admitted the agency record into evidence. This is also indicated by the wording of the trial court's order. We see no logical conclusion other than this: the agency record—including a complete transcription of the administrative proceedings against Raffaelli—is before us as part of the transcript and can be examined as part of the appellate review process.[2]

## FACTS

With the question of the agency record resolved, we now turn to the relevant facts. At approximately 2:25 a.m. on January 7, 1995, Officer Jeffery Gladden of the Texarkana, Texas, Police Department saw a vehicle run a stop sign. After observing the vehicle swerving on the road, the officer attempted to make a traffic stop, but Raffaelli, the driver of the vehicle, did not stop promptly. Gladden smelled alcohol on Raffaelli's breath and noticed Raffaelli's confused demeanor. Gladden asked Raffaelli to perform several standardized field sobriety tests. Due to Raffaelli's poor performance on each test, Gladden arrested Raffaelli for driving while

---

**2.** The Austin Court of Appeals has consistently held that an agency record is not properly presented for appellate review unless admitted as an exhibit before the trial court and forwarded to the court of appeals via a timely-filed statement of facts. *See Nueces Canyon Consol. Indep. School Dist. v. Central Educ. Agency,* 900 S.W.2d 417, 419 (Tex.App.—Austin 1995, n.w.h.); *Commerce Indep. School Dist. v. Texas Educ. Agency,* 859 S.W.2d 627, 628–29 (Tex.App.—Austin 1993, writ dism'd). We disagree with the Austin court's expression that the statement of facts is the exclusive vehicle for presenting the agency record to the appellate court. *See Nueces Canyon,* 900 S.W.2d at 419; *but see Office of Pub. Util. Counsel v. Public Util. Comm'n,* 878 S.W.2d 598, 599–600 & n. 2 (Tex.1994) (declining to address this procedural issue, but casting some doubt on Austin court's statutory interpretation).

The Austin Court of Appeals relies on a provision in the Administrative Procedure Act which states that a party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence. *See Commerce,* 859 S.W.2d at 628. There is another provision in the Act, however, that also requires the agency to forward an original or certified copy of the agency record to the reviewing court to be filed by the court clerk. *See* TEX.GOV'T CODE ANN. 2001.175(b) (Vernon Supp.1995). As dissenting Justice Powers opined in the *Commerce* case, the legislature has simply made doubly sure that the agency record will be brought to the trial court's attention and can be transmitted to the appellate court by an inexpensive method. *Commerce,* 859 S.W.2d at 631 (Powers, J., dissenting). We conclude that the reasoning behind the decisions of the majority of the Austin Court of Appeals on this question is less than persuasive, and we decline to follow those decisions.

intoxicated and took Raffaelli to the police station.

Raffaelli was placed in a room containing a video camera. He was informed of his *Miranda*[3] rights and was asked to perform an additional field sobriety test. After completion of this test, Gladden read Raffaelli a statutory warning regarding the possible penalty if Raffaelli refused to give a blood or breath specimen. The officers in the room asked Raffaelli for a breath specimen. Raffaelli insisted on speaking with his attorney. The officers again requested a breath specimen, and again Raffaelli asked for his attorney. The officers treated Raffaelli's failure to consent as a refusal.

■■■■ The DPS automatically suspended Raffaelli's driver's license because of his refusal to submit to a breath test. Raffaelli asked for an administrative hearing. The administrative law judge, Richard Farrow, decided in favor of the suspension. Raffaelli then sought judicial review of that decision. The trial court reversed, finding that Farrow's decision was erroneous and not sustainable under the substantial evidence rule.[4]

## REVIEW OF ADMINISTRATIVE HEARING

The issues at the administrative hearing were whether reasonable suspicion or probable cause existed to stop or arrest the person; whether probable cause existed that the person was driving or in actual physical control of a motor vehicle in a public place while intoxicated; whether the person was placed under arrest by the officer; and whether the person was offered the opportunity to give a specimen, but refused. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, § 2(*l*). If the admin-

istrative law judge finds in the affirmative as to all four issues, the suspension order shall be sustained. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(m).

Gladden, the arresting officer, testified at the hearing about Raffaelli's behavior on the night of the arrest, and the probable cause affidavit Gladden prepared was admitted as an exhibit at the administrative hearing. That Raffaelli was placed under arrest on January 7, 1995, was not disputed, nor was it disputed that Raffaelli was operating his car on a public street at the time the police officer stopped him.

Gladden further testified that Raffaelli refused to provide a breath specimen for testing, and a police report noting this refusal was also admitted into evidence at the hearing. Raffaelli testified he did not refuse to provide the breath specimen, but indicated that he would do so only in the presence of his attorney. Raffaelli asserted that he believed he had the right to have his attorney present.

■■■■ There is no right to have an attorney present prior to the administration of a chemical breath test. *McCambridge v. State*, 778 S.W.2d 70, 73 (Tex.Crim.App.1989), *cert. denied*, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990). Moreover, a videotape taken while Raffaelli was at the police station was played for the administrative law judge at the hearing. The videotape shows that the officer who requested the specimen informed Raffaelli that the presence of his attorney during the breath test was not an available option. Raffaelli continued to insist on having his attorney present and did not consent to providing the breath specimen.[5]

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. The DPS refers this court to a letter the trial court sent to the parties to inform them of its intention to reverse the order of the administrative law judge and explaining the reasons for its decision. This letter is not the judgment of the trial court. *See Mixon v. Moye*, 860 S.W.2d 209, 210 (Tex.App.—Texarkana 1993, no writ). The letter was written a week before the trial court signed a written order reversing the administrative decision. It is not competent evidence of the basis for the trial court's judgment. *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801

S.W.2d 872, 878 (Tex.1990). Moreover, even accepting the letter as evidence of the trial court's reasons would not affect the outcome of this appeal. We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment. *See Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986).

5. Any person who operates a motor vehicle in a public place is deemed to have consented to submit to the taking of one or more specimens of his breath or blood for the purpose of determining the alcohol concentration in his body. TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 1 (Vernon Supp.

■ Any conflict in the evidence regarding Raffaelli's refusal to provide a breath specimen was a matter for the administrative law judge. The reviewing court does not substitute its judgment as to the weight of the evidence for that of the state agency. Tex.Gov't Code Ann. § 2001.174; *El Paso*, 883 S.W.2d at 185. Moreover, although substantial evidence is more than a scintilla, the evidence in the record may preponderate against the decision of the agency but still amount to substantial evidence. *El Paso*, 883 S.W.2d at 185. Because there is substantial evidence in the agency record to support the administrative order suspending Raffaelli's driver's license, the trial court erred in setting aside that order.

### FORM OF ADMINISTRATIVE ORDER

Farrow recorded his decision on a pre-printed form authorizing the suspension of a driver's license. The form also has spaces in which the administrative law judge can record his findings of fact and conclusions of law. An administrative decision must be in writing or stated in the record and must include findings of fact and conclusions of law, separately stated. Tex.Gov't Code Ann. § 2001.141(a), (b) (Vernon Supp.1995).

■ The form, including the requisite findings and conclusions, is completed except for Farrow's failure to strike through the "was/was not" choice given in the following sentence:

Based upon the foregoing Findings of Fact, the Judge concludes that Defendant [was]/[was not] in violation of Article 6687b–1 or 6701*l*–5, and that Defendant's license [is]/[is not] subject to a __ suspension or __ denial for __ 60 days, __ 120 days or __ 180 days pursuant to Tex.Civ. Stat. Article 6687b–1 § 6(b), or for ✓ 90 days, __ 180 days or __ 1 year pursuant to Tex.Civ.Stat. Article 6701*l*–5 § 2(i).

As discussed above, Farrow resolved the statutory issues in favor of suspending Raffaelli's driver's license and noted his findings on the preprinted form. Although Farrow

failed to explicitly conclude that Raffaelli was in violation of Article 6701*l*–5, he determined that this article authorized suspension of Raffaelli's driver's license. *Cf. Smith v. Houston Chem. Servs., Inc.*, 872 S.W.2d 252, 271 (Tex. App.—Austin 1994, writ denied) (holding that agency not required to specify statute or regulation in its conclusion of law).

The findings and conclusions on the pre-printed form satisfy their overall purpose: to inform the parties and the courts of the basis for the agency's decision so that the parties may intelligently prepare an appeal and so that the courts may properly exercise their reviewing function. *See Goeke v. Houston Lighting & Power Co.*, 797 S.W.2d 12, 15 (Tex.1990). To require more would subject the administrative decision to an improper hypertechnical standard of review. *See id.* at 15.

The trial court was required to reverse or remand the administrative decision for further proceedings only if substantial rights of the appellant, Raffaelli, had been prejudiced. Farrow's failure to make the "was/was not" choice on the form did not prejudice any rights of Raffaelli.

We reverse the trial court's judgment and render judgment upholding the administrative law judge's order.

---

1995). At some point after his arrest, Raffaelli indicated a willingness to submit to a blood test. The type of specimen, however, is designated by the officer and is not discretionary with the suspect. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 2(a)

(Vernon Supp.1995); *Drapkin v. State*, 781 S.W.2d 710, 712 (Tex.App.—Texarkana 1989, pet. ref'd); *Davis v. Texas Dep't of Pub. Safety*, 741 S.W.2d 616, 618 (Tex.App.—Dallas 1987, no writ).