**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Donna Gail O'DONNELL, Appellee.**

No. 2-97-380-CV.

Court of Appeals of Texas,
Fort Worth.

July 1, 1999.

Publication Ordered July 29, 1999.

Janette Lorie Ansolabehere, Asst. Atty. Gen., Texas Department of Public Safety, Austin, Monica Branch, Asst. Atty. Gen., Phyllis Waldrep Cranz, Hearings Atty., Texas Dept. of Public Safety, Fort Worth, Todd Durden, County Atty., Decatur, for appellant.

Ken Mahaffey, Austin, Brock Smith, Decatur, for appellee.

Panel A: CAYCE, C.J.; DAY and RICHARDS, JJ.

## OPINION ON REHEARING

DAVID L. RICHARDS, Justice.

### Introduction

We withdraw our opinion and judgment of December 17, 1998, and substitute the following judgment and opinion in their place. We deny O'Donnell's motion for rehearing.

The Texas Department of Public Safety ("DPS") appeals a county court at law ruling reversing an administrative law judge's ("ALJ") decision to uphold the suspension of Donna Gail O'Donnell's driver's license. In three points, the DPS contends that the county court erred in holding that the ALJ's finding that O'Donnell refused to submit a blood specimen for alcohol concentration testing was not supported by substantial evidence and that the DPS had failed to establish compliance with section 724.031 of the Texas Transportation Code. Because we hold the evidence reasonably supports the administrative decision, we will reverse the county court's order and render judgment affirming the order of the administrative law judge.

### Summary of Facts and Procedural History

On May 3, 1997, O'Donnell was involved in a car accident. After being transported by ambulance to the hospital, DPS Trooper E. Cullop questioned O'Donnell about the accident. During questioning, Cullop smelled the odor of an alcoholic beverage on her breath. O'Donnell stated she had lost control of her car and admitted she had been drinking earlier in the day. After conducting field sobriety tests, Cullop arrested O'Donnell for driving while intoxicated and requested she give a blood specimen for alcohol concentration testing. Cullop read her the required statutory warnings and attempted to have her sign the DIC statutory warning form. O'Donnell first agreed to sign the DIC statutory warning form and to give a blood specimen, but during the preparation to draw the blood, she became uncooperative and increasingly hostile. O'Donnell yelled and cursed at Cullop and, at one point, told him she hoped his children died. She ultimately refused to provide the specimen and refused to sign the DWI statutory warnings form.

O'Donnell appealed the notice of suspension and requested a hearing under section

724.041 of the Texas Transportation Code, which was held before the ALJ on June 11, 1997. *See* Tex. Transp. Code Ann. § 724.041 (Vernon 1998). At the hearing, O'Donnell's attorney argued that the DPS had failed to prove by a preponderance of the evidence that O'Donnell had refused to provide a blood specimen.

The ALJ found O'Donnell was properly asked to submit a blood specimen and refused. At the conclusion of the hearing, the ALJ held that the DPS had met its burden of proof on all required issues under section 724.042 of the transportation code [1] and sustained the suspension of O'Donnell's driver's license for 90 days. *See id.* §§ 724.042–.043.

O'Donnell filed a petition for judicial review of the ALJ's order in the county court at law of Wise County, alleging the ALJ's findings were not supported by substantial evidence and that the DPS had failed to abide by the transportation code. The county court reversed the suspension of O'Donnell's license, holding that the ALJ's finding that O'Donnell refused to submit a blood specimen was not supported by substantial evidence and that the DPS failed to prove the arresting officer complied with section 724.031 of the transportation code. The DPS appeals from this order.

### Standard of Review

█ A person whose driver's license is suspended following an administrative hearing is entitled to judicial review of the decision. *See* Tex. Transp. Code Ann. § 524.041 (Vernon 1998). Judicial review is based on the substantial evidence rule. *See id.* § 524.002(b); *Texas Dep't of Pub. Safety v. Bond,* 955 S.W.2d 441, 445 (Tex. App.—Fort Worth 1997, no writ). When

reviewing an administrative decision under the substantial evidence rule, the reviewing court must reverse or remand the case for further proceedings if the appellant's substantial rights have been prejudiced because the administrative findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence when considering the reliable and probative evidence in the record as a whole. *See* Tex. Gov't.Code Ann. § 2001.174 (Vernon Supp.1999).

█ In conducting a substantial evidence review, the reviewing court may hear and consider evidence to determine whether reasonable support for the agency's order exists, but the agency remains the primary fact finder and the question for the trial court is strictly one of law. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984); *McKinley Iron Works, Inc. v. Texas Employment Comm'n,* 917 S.W.2d 468, 470 (Tex.App.—Fort Worth 1996, no writ). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *See Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984); *McKinley,* 917 S.W.2d at 470. The agency's action must be sustained if the evidence as a whole is such that reasonable minds could have reached the same conclusion as that of the administrative agency. *See City of El Paso v. Public Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994); *Charter Medical,* 665 S.W.2d at 452; *Texas Dep't of Pub. Safety v. Ray,* 943 S.W.2d 87, 89 (Tex.App.—Fort Worth 1997, no writ).

---

1. Section 724.042 provides:
    The issues at a hearing under this subchapter are whether:
    (1) reasonable suspicion or probable cause existed to stop or arrest the person;
    (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;
    (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and
    (4) the person refused to submit to the taking of a specimen on request of the officer.
    Tex. Transp. Code Ann. § 724.042 (Vernon 1998)

The reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis in the record supporting the agency's action. *See Charter Medical*, 665 S.W.2d at 452. Any conflict in the evidence is a matter for the administrative agency and the reviewing court may not substitute its judgment as to the weight of the evidence. *See Brinkmeyer*, 662 S.W.2d at 956; *City of El Paso*, 883 S.W.2d at 185; *Texas Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 778 (Tex.App.—Texarkana 1995, no writ); *McKinley*, 917 S.W.2d at 470. The evidence in the record may preponderate against the agency's decision, yet still amount to substantial evidence if it is more than a mere scintilla. *See City of El Paso*, 883 S.W.2d at 185; *Raffaelli*, 905 S.W.2d at 778. Moreover, if there is evidence to support either the agency's affirmative or negative findings on a specific matter, the decision of the agency must be upheld. *See Charter Medical*, 665 S.W.2d at 453; *McKinley*, 917 S.W.2d at 470.

Under these principles, if there was substantial evidence that supports the agency's ruling, the trial court must yield to the discretion that was exercised by the agency empowered by law to make that ruling. *See McKinley*, 917 S.W.2d at 470. Findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *City of El Paso*, 883 S.W.2d at 185.

### Jurisdiction

In her motion for rehearing, O'Donnell argues we lack jurisdiction over this appeal because section 524.041 of the transportation code precludes the DPS from appealing fact issues. *See* TEX. TRANSP. CODE ANN. § 524.041(d) (Vernon 1999). Hence, her argument continues, the DPS may not raise an issue before us concerning whether substantial evidence supports the ALJ's decision. We disagree.

Section 524.041 is entitled "Appeal from Administrative Hearing," and each subsection governs how a person whose driver's license was suspended appeals the ALJ's decision. *See* TEX. TRANSP. CODE ANN. § 524.041. Section 524.041 applies to appeals from the administrative hearing to the county court and not from the county court to the court of appeals. *See id;* *Texas Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 928–29 (Tex.App.—Waco 1996, writ denied). Moreover, whether substantial evidence exists to support the ALJ's findings of fact and conclusions of law is a question of law. *See Texas Dep't Of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no writ). Section 524.041 of the Texas Transportation Code does not strip us of jurisdiction over whether substantial evidence exists to support the ALJ's findings of fact and conclusions of law.

O'Donnell further argues that we lack jurisdiction because the DPS was required under the government code to file a motion for rehearing in county court before appealing to this court under section 2001.145 of the government code. *See* TEX. GOV'T CODE ANN. § 2001.145 (Vernon 1999). Although the DPS filed a motion for rehearing below, appellee argues the motion is insufficient as a matter of law because the DPS failed to "properly state the issue raised on appeal."

We are unpersuaded that section 2001.145 of the government code applies. Section 2001.145 has been interpreted to apply to an appeal of a state agency's decision to county or district court and not the judgment of a reviewing court. *See Temple Indep. School Dist. v. English*, 896 S.W.2d 167, 169 (Tex.1995). Furthermore, the timely filing of a notice of appeal invokes this court's jurisdiction. *See* TEX. R.APP. P. 25.1(b). Because the DPS timely filed its notice of appeal in this case, we hold we have jurisdiction over this appeal. Accordingly, we deny O'Donnell's motion for rehearing.

### Review of Administrative Hearing

At the hearing before the ALJ, the DPS introduced three exhibits: (1) Cullop's sworn report, in which he indicated that O'Donnell refused to submit a blood specimen; (2) a copy of the statutory warning form given to O'Donnell, in which Cullop noted O'Donnell refused to submit a blood specimen and refused to sign the form; and (3) the notice of license suspension given to O'Donnell, in which Cullop also noted O'Donnell had refused to submit a blood specimen and refused to sign. After the DPS called Cullop to testify, the ALJ heard testimony that O'Donnell had been cooperative at first, became hostile, and ultimately refused to submit a blood specimen and to sign the statutory warning form as well as the notice of suspension.

Any conflict in the evidence regarding O'Donnell's refusal to provide a blood specimen was a matter for the ALJ to resolve. *See Raffaelli*, 905 S.W.2d at 778 (ALJ decides weight to be given testimony regarding whether suspect refused to give specimen). A reviewing court may not substitute its judgment regarding the weight of the evidence for that of a state agency. *See* Tex. Gov't Code Ann. § 2001.174 (Vernon 1998); *Public Util. Comm'n of Tex. v. Gulf States Utils. Co.*, 809 S.W.2d 201, 211 (Tex.1991); *Raffaelli*, 905 S.W.2d at 778.

Based on the record in this case, we hold that the evidence supporting the ALJ's finding that O'Donnell refused to give a blood specimen was more than a mere scintilla. Although O'Donnell argues that she initially consented to giving a blood specimen, refused, and then allegedly consented after being calmed by an emergency room doctor, we nevertheless hold the ALJ had substantial evidence to support his *ultimate* determination that O'Donnell refused to submit a specimen of her blood. Because substantial evidence supports the ALJ's order, we sustain point two.

At her county court at law hearing, O'Donnell argued that the Department did not prove Cullop complied with Texas Transportation Code Section 724.031. *See* Tex. Transp. Code Ann. § 724.031 (Vernon 1998). Texas Rule of Appellate Procedure 33.1(a) requires that a party must properly raise a complaint to the trial court by means of a timely request, objection, or motion before the party may present a complaint for appellate review. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 462–63 (Tex.App.—Fort Worth 1997, writ denied). A complaint on appeal must be the same as an objection raised at the trial, or any error is waived on appeal. *See Standerford v. State*, 928 S.W.2d 688, 692 (Tex.App.—Fort Worth 1996, no writ).

At the ALJ hearing, O'Donnell objected to the admission of the arresting officer's supplemental probable cause affidavit, on the sole ground that the statements of Trooper Franklin to Cullop contained constituted inadmissible hearsay. O' Donnell objected to neither the admission of the statutory warning forms nor any testimony of Cullop concerning the events of May 3, 1997, other than the continuing hearsay objections and the use of leading questions by the Department's attorney. During closing argument, O'Donnell argued that the Department had not established the time of the accident and that O'Donnell had not refused to give a blood specimen. The record reflects O'Donnell never raised the issue of compliance with section 724.031 of the transportation code until her appeal to the county court at law. By failing to raise her complaint at the ALJ hearing, O'Donnell waived that point for purposes of review by the county court at law. The court improperly considered the arresting officer's compliance with section 724.031 on appeal. We sustain points one and two.

### Conclusion

Because we hold that the ALJ's decision was supported by substantial evidence, we

reverse the judgment of the County Court at Law of Wise County and render judgment affirming the ALJ's order suspending O'Donnell's driver's license.