Reversed and Rendered and Memorandum Opinion filed June 2,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00469-CV



Texas
Department of Public Safety,
Appellant 

v.

William B.
Schleisner, II, Appellee 



On Appeal from
the County Court at Law No. 3

Galveston County, Texas

Trial Court
Cause No. 62,240



 

OPINION 

Appellant, the Texas Department of Public Safety (the
“DPS”), appeals an order of the county court at law reinstating the driver’s
license of appellee, William B. Schleisner, II.  Schleisner was arrested for
driving while intoxicated, and the arresting officer recorded that Schleisner
refused to submit a breath specimen for testing.  His license was suspended
thereafter.  An administrative law judge (the “ALJ”) subsequently upheld the
suspension.  When Schleisner challenged the ALJ’s suspension in the county
court at law, the court reversed the ALJ’s suspension order.  The DPS now
challenges the county court at law’s order reversing the ALJ’s decision.  In
its sole issue, the DPS argues that the county court at law’s order should be
reversed because the court impermissibly substituted its judgment for that of
the ALJ in determining that Schleisner’s request for an attorney was not a
refusal to submit a breath specimen.  We reverse the county court at law’s
order and render judgment reinstating the ALJ’s order.

I.  BACKGROUND

On June 28, 2009, Schleisner was arrested for driving
while intoxicated after he failed three standard field sobriety tests and
exhibited signs of intoxication at the scene of an automobile accident.  Schleisner
was detained by Officer James McGuire and taken to the police station where McGuire
read him the DIC-24 statutory warnings.[1]
 Schleisner claims that he responded to Officer McGuire’s request for a breath
specimen by asking if he could call his attorney.[2]  The
officer recorded this response on his sworn report as a refusal to submit the
sample[3]
and, as a result, appellee’s license was administratively suspended.[4] 

A.    Administrative
Hearing

Schleisner appealed the suspension of his license by
requesting an administrative hearing with the DPS.[5]  At the hearing,
Schleisner argued that his asking to speak to his attorney did not equate to a
refusal to give a breath specimen.   He maintained that simply asking to speak
to an attorney was not akin to refusing to submit the sample until consulting
counsel.  The ALJ found that Schleisner was properly requested to submit to a
breath test and refused, therefore, upholding the suspension of Schleisner’s
license. 

B.     County
Court at Law’s Judicial Review of ALJ’s Order

Schleisner appealed the ALJ’s decision by filing a
petition of appeal with the county court at law in Galveston County.[6]  In that
court, Schleisner made the same argument as he made before the ALJ: that his
request to speak with an attorney was not tantamount to a refusal to submit a
breath specimen.  The county court at law granted Schleisner’s petition and
reversed the suspension of his license, finding that Schleisner did not refuse
to provide a breath sample. 

The DPS filed this appeal challenging the order of
the county court at law.  In its sole issue, the DPS contends that the trial
court substituted its judgment for that of the ALJ when it agreed with
Schleisner’s argument that requesting to speak to an attorney did not
constitute a refusal to provide a breath sample.  

II.  STANDARD OF REVIEW

A person whose driver’s license is suspended
following an administrative hearing is entitled to judicial review of that
decision.  Tex. Transp. Code Ann. § 524.041 (West 2007).  When reviewing an administrative
suspension, courts use a substantial evidence standard of review.  Tex. Gov’t Code
Ann. § 2001.174 (West 2008); Mireles v. Tex. Dep’t of Pub. Safety, 9
S.W.3d 128, 131 (Tex. 1999).  In applying this standard, a reviewing court may not
substitute its judgment for that of the agency.  Mireles, 9 S.W.3d at
131.  The issue for the court is not the correctness of an agency’s decision
but whether the record demonstrates some reasonable basis for the
administrative action.  Id.  Courts must affirm agency actions which are
supported by more than a scintilla of evidence.  Id. 

III. EVIDENCE SUPPORTS THE
ALJ’S ORDER

A.   
Proof Required to Uphold Suspension

To uphold the suspension of a driver’s license, a
reviewing ALJ must find that the DPS proved four elements by a preponderance of
the evidence at the administrative hearing: (1) the officer had reasonable
suspicion or probable cause to stop or arrest the person, (2) the officer had
probable cause to believe that the person was operating a motor vehicle in a
public place while intoxicated, (3) the officer arrested the driver and asked
him to submit to the taking of a breath specimen, and (4) the driver refused to
submit to the taking of a specimen on request by the officer.  See Tex.
Transp. Code Ann. §§ 724.042, 724.043 (West Supp. 2009).  The only contested
element in this case is the last: whether Schleisner refused to submit to a
breath test at Officer McGuire’s request. 

B.     Section
724.032 and Refusal

An arrestee’s refusal to provide a blood or breath
specimen for testing need not be express.  Id. § 724.032(a) (“If a
person refuses to submit to the taking of a specimen, whether expressly or
because of an intentional failure of the person to give the specimen, the peace
officer shall: (1) serve notice of license suspension or denial on the person. . . .”);
id. § 724.061; Tex. Dep’t of Pub. Safety v. Fecci, 989 S.W.2d
135, 140 (Tex. App.—San Antonio 1999, pet. denied) (“[A] defendant need not
give the officer a definite ‘no’ about whether or not he will take the test.”).
 Instead, a response that evades or ignores the legal request of an officer for
such a test may be considered a refusal to submit.  See, e.g., Tex. Dep’t of
Pub. Safety v. O’Donnell, 998 S.W.2d 650, 655 (Tex. App.—Fort Worth 1999,
no pet.) (determining that the ALJ had substantial evidence to support his
determination that O’Donnell had refused to submit a blood specimen where she had
consented to the test, then refused, and then allegedly consented again after
being calmed by a doctor in the emergency room); Tex. Dep’t of Pub. Safety
v. Latimer, 939 S.W.2d 240, 245 (Tex. App.—Austin 1997, no writ)
(concluding that Latimer’s response to the officer’s request for a specimen, repeatedly
asking to talk to his wife, could be found by the ALJ to be a refusal); Ott
v. Tex. Dep’t of Pub. Safety, 958 S.W.2d 294, 296 (Tex. App.—Austin 1998,
no pet.) (holding that conclusion of refusal was reasonable when Ott closed her
eyes, stared at the ceiling, and asked for her mother in response to the officers’
repeated requests). 

An arrestee’s request to consult an attorney[7] may, at times,
be reasonably seen as a refusal to submit a specimen for testing.  See Tex.
Dep’t of Pub. Safety v. Raffaelli, 905 S.W.2d 773, 777–78 (Tex.
App.—Texarkana 1995, no writ) (determining that the ALJ had sufficient evidence
to conclude Raffaelli’s insistence on giving a breath sample only in his
attorney’s presence was a refusal to provide the specimen); Fecci, 989
S.W.2d at 140 (it was reasonable for the ALJ to find that Fecci’s request to
talk to his attorney when asked to take a breath test was a refusal to provide
the specimen). 

Furthermore, any conflict in the evidence concerning
a person’s refusal to provide a breath specimen is a matter of fact for the ALJ
to resolve because the reviewing court cannot substitute its judgment for that
of the ALJ regarding the weight of the evidence.  See Tex. Gov’t Code
Ann. § 2001.174 (West 2008); City of El Paso v. Pub. Util. Comm’n of Tex.,
883 S.W.2d 179, 185 (Tex. 1994).  Thus, the ultimate question for the court on
review is whether it is reasonable for an agency to have concluded from the
evidence that an arrestee refused to submit a breath specimen.  See City of El
Paso, 883 S.W.2d at 185. 

C. Schleisner’s Refusal

In this case, there was sufficient evidence for the
ALJ to conclude that Schleisner had refused to provide a breath specimen.  Officer
McGuire testified at the administrative hearing that although he did not recall
Schleisner’s exact words, he was certain that after he had requested the
sample, Schleisner refused to submit a breath specimen.  McGuire told
Schleisner that he was going to “take that as a refusal” and had Schleisner
sign the “Statutory Warning” form confirming that Schleisner was refusing to
submit to the taking of the breath specimen.  In addition, the “Peace Officer’s
Sworn Report” was submitted to the ALJ and further confirmed Officer McGuire’s testimony
that Schleisner had refused the test. 

Moreover, it was the ALJ’s task to resolve any issues
of fact relating to Schleisner’s refusal to provide the sample.  See Tex.
Gov’t Code Ann. § 2001.174 (West 2008); City of El Paso, 883 S.W.2d at
185.  It is not for this court or the county court at law to substitute its
judgment for the ALJ’s factual conclusions at issue here.  See Mireles,
9 S.W.3d at 131.  The record demonstrates a reasonable basis for the
administrative action and the testimony of Officer McGuire and the written
forms provided are more than a scintilla of evidence to support the ALJ’s
finding that Schleisner refused to take the breath test.  See City of El
Paso, 883 S.W.2d at 185.  The county court at law erred in deciding
otherwise.  Accordingly, we sustain the DPS’s sole issue. 

IV.  CONCLUSION

Because we conclude that the ALJ’s findings were
reasonable and based on substantial evidence, we reverse the order of the
county court at law and render judgment reinstating the order of the
administrative law judge. 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges, and Justices Frost,
and Christopher.









[1]
See Tex. Transp. Code Ann. § 724.015 (West Supp. 2009). 





[2]
Officer McGuire later testified that he could not remember exactly how
Schleisner responded to his request, only that he refused to submit to the
taking of a breath specimen. We will assume, as the DPS apparently assumes,
that Schleisner requested to speak to an attorney in response to Officer
McGuire’s request for a breath specimen. 





[3]
Schleisner’s signed “Statutory Warning” form did not have the “subject refused”
box checked. McGuire did check the “refusal” box on the “Peace Officer’s Sworn
Report,” which McGuire signed. 





[4]
See Tex. Transp. Code Ann. § 724.035(a). 





[5]
See id. § 724.041(a).





[6]
See Tex. Transp. Code Ann. § 524.041(b) (West Supp. 2009). 





[7]
A criminal defendant has no right to an attorney prior to or during the
administration of a chemical breath test. McCambridge v. State, 778
S.W.2d 70, 72–73 (Tex. Crim. App. 1989). In addition, public safety officers
are not required to advise an arrestee that he has no right to an attorney’s
presence during the administration of the test.  See Erdman v. State,
861 S.W.2d 890, 893 (Tex. Crim. App. 1993) (en banc).