**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Tom Ed WILSON, Appellee.**

No. 02–97–166–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 26, 1997.

Ordered Published May 4, 1998.

John C. West, Jr., Chief of Legal Services Texas Department of Public Safety, Phyllis Waldrep Cranz, Assistant District Attorney, Janette Lorie Ansolabehere, Assistant General Counsel, Tim Curry, Criminal District Attorney, Fort Worth, for Appellant.

Mark Daniel, Evans, Gandy, Daniel & Moore, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

The Texas Department of Public Safety ("DPS") appeals a county court at law ruling reversing the administrative order that suspended Tom Ed Wilson's drivers license. Because the evidence reasonably supports the administrative decision, we reverse the judgment of the county court and render judgment affirming the order of the administrative law judge.

## Background

Wilson was arrested for DWI and taken to the police station to give a breath sample. The events at the police station were recorded on a video tape. Wilson attempted to give a breath sample twice, both of which were insufficient. Wilson refused to give any more samples, stating he had emphysema. At the subsequent administrative hearing, the administrative law judge heard testimony and found that the evidence on the video tape supported suspension of Wilson's license under the transportation code for refusal to provide a sample. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp.1998). Wilson appealed to the county court at law, which reversed the decision to suspend Wilson's license, and the DPS subsequently appealed from that decision in this court.

## Substantial Evidence Standard

When a statute allows trial de novo review of a state agency's decision, this means there can be a trial, but only to determine the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). "Substantial evidence" means that, upon the evidence as a whole, reasonable minds could have reached the same conclusion the agency reached. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); *Dotson v. Texas State Bd. of Medical Examiners,* 612 S.W.2d 921, 922 (Tex.1981).

Principles that govern a trial court's substantial evidence review are: (1) the court will hear and consider evidence to determine whether reasonable support for the agency's order exists, but the agency remains the primary fact finding body, and the question for the trial court is strictly one of law; (2) the trial court may not substitute its own judgment for that of the state agency on

controverted issues of fact; (3) if the agency heard substantial evidence that would support either an affirmative or a negative finding, the trial court must allow the agency's order to stand, even if the court would have differed with the result; (4) the trial court may not set aside the agency's ruling merely because there was conflicting or disputed testimony; and (5) the trial court is concerned only with the reasonableness of the agency's order, not its correctness. *See Firemen's & Policemen's Civil Serv. Comm'n,* 662 S.W.2d at 956.

Under these principles, if there is substantial evidence that supports the agency's ruling, the trial court must yield to the discretion that was exercised by the agency empowered by law to make that ruling. *See id.* When conducting the trial de novo, the trial court may go no further than to examine the evidence heard by the agency and determine whether it was incredible, perjured, or unreasonable, because evidence in those categories is deemed not substantial. *See id.; Trapp v. Shell Oil Company,* 145 Tex. 323, 198 S.W.2d 424, 440 (1946) (op. on reh'g).

Evidence heard by an agency may even preponderate against the agency's ruling, yet still be "substantial evidence," if it is more than a mere scintilla. *City of El Paso v. Public Utility Comm'n of Texas,* 883 S.W.2d 179, 185 (Tex.1994). Because of this, a reviewing court may not substitute its own judgment as to the weight of the evidence for that of the agency, and the reviewing court must concern itself with the reasonableness of the agency's order, not its correctness. *See id.* Accordingly, our inquiry is not whether the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether it acted arbitrarily and without regard to the facts. *See Trapp,* 198 S.W.2d at 441 (citing *Railroad Comm'n v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022, 1029 (1942)).

### Texas Department of Public Safety's Issue

The DPS contends that the county court at law mistakenly substituted its own finding of fact on whether Wilson had complied with an officers attempt to obtain a breath sample from him. The video shows that Wilson blew into the analyzer twice, then refused to do any more, stating he had emphysema. During the license suspension hearing the administrative judge found that the video did not depict any physical indications that Wilson was having trouble breathing. However, the county court at law later stated that the video could not support a suspension of Wilson's license and reversed the suspension.

Wilson does not appear short of breath, or to have difficulty in laughing or otherwise conversing with the officers in the videotape. On these facts we are not persuaded that the evidence supporting the agency's decision was no more than a scintilla. Moreover, while certainly not a medical diagnosis, this evidence is not incredible, perjured, or unreasonable. Reasonable minds could have reached the agency's decision regarding Wilson's capacity to give a breath sample. Accordingly, we sustain the DPS's point.

### Conclusion

Because the decision of the administrative law judge was supported by substantial evidence, we reverse the judgment of the county court at law and render judgment affirming the order suspending Wilson's drivers license.