**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Eugene FECCI, Appellee.**

No. 04–98–00656–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1999.

Rehearing Overruled March 9, 1999.

136

J. Frank Davis, Andres Cedillos, Texas Dept. of Public Safety, San Antonio, for Appellant.

Kristin Fiacco Dow, Jeffrey J. Pokorak, Laurence A. Dunne, III, Center for Legal and Social Justice, San Antonio, for Appellee.

Before: CATHERINE STONE, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

CATHERINE STONE, Justice.

This appeal involves a license revocation resulting from a DWI arrest. In two points of error, the Texas Department of Public Safety (TDPS) challenges the trial court's reversal of the finding against Eugene Fecci by the administrative court. Fecci contends that this court does not have jurisdiction, claiming that TDPS failed to timely file a notice of appeal. Because our jurisdiction has been properly invoked, and because there is substantial evidence to suspend Fecci's license, we reinstate the order of the administrative court.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 1997, Officer Broihier observed a pickup truck change lanes four times without using a turn signal. Upon stopping the vehicle, Broihier approached the driver, Eugene Fecci, and noticed the strong odor of alcohol on his breath, slurred speech, and bloodshot eyes. Broihier requested assistance from an officer certified in examining persons for horizontal gaze nystagmus and Officer Furgason responded. Fecci admitted to spending the evening drinking in a bar watching a football game. Officer Furgason had Fecci perform three field sobriety tests: the walk and turn; the one-legged stand; and the horizontal gaze nystagmus. Fecci's unsatisfactory performance caused Officer Furgason to conclude that Fecci had an alcohol level at or above 0.10.

Fecci was placed under arrest and taken to the police station. Officer Furgason read the DWI statutory warning to Fecci and requested a breath specimen. Fecci responded by asking that an attorney be present. Fecci was taken to the video room and read his *Miranda* rights. Fecci again requested that an attorney be present before performing sobriety exercises on video or submitting a breath specimen. The officer informed Fecci that only police officers and detained persons were allowed in the intoxilyzer and video rooms. Fecci suggested leaving the room. The officer asked Fecci several times to take the breath test and Fecci responded each time that he wanted to speak to an attorney. Fecci indicated that he was not refusing to take the test, but that he just wanted to talk to his attorney. The interview was finally terminated.

TDPS thereafter requested that Fecci's license be suspended under TEX. TRANS. CODE ANN. § 724.035 (Vernon Pamph.1999). At the administrative hearing, the judge granted TDPS' request. Fecci appealed the order to County Court at Law No. 8. The county court entered a judgment in favor of Fecci on April 30, 1998. On June 1, 1998, TDPS filed a "Motion for New Trial/Appellee's Motion for Rehearing." Fecci filed a Motion to Strike the Untimely Pleadings on June 18. On June 19, TDPS filed a Response to the Motion to Strike the Pleading. That same day the county court heard the matter characterized by TDPS as "appellee's motion for rehearing" or "defendant's motion for new trial" and found in favor of Fecci. On July 27, 1998, TDPS filed a notice of appeal from the county court's decision with this court.

### JURISDICTIONAL REQUIREMENTS

Fecci contends that TDPS either improperly filed a motion for new trial or untimely filed a motion for rehearing by filing a "motion for new trial/motion for rehearing." While Fecci asserts that this was really a motion for rehearing because a motion for new trial would only have been proper at the administrative court level where the finding of fact occurred, he argues that under either designation this court lacks jurisdiction. According to Fecci, if it were a motion for new

trial, TDPS sought inappropriate relief because a motion for new trial could not have been granted at the county court level as the county court was acting in an "appellate" capacity and had not held a trial. Additionally, Fecci notes that TDPS was not entitled to a rehearing because such a motion would have been untimely. The only rules providing for the appropriate timetables to file a motion for rehearing are contained in the Rules of Appellate Procedure. According to Tex.R.App. P. 49.1, an appellant must file a motion for rehearing within 15 days of the reviewing court's decision. TDPS filed its motion 30 days after the county court's decision.

Fecci also contends that because this motion was in actuality a motion for rehearing, TDPS only had 30 days to file its notice of appeal since a motion for rehearing would not augment the timetables of this court. *See* Tex.R.App. P. 26.1(a)(1) (providing that motion for new trial will extend the deadline to file notice of appeal from 30 to 90 days). Because TDPS filed its notice of appeal more than 30 days after the judgment was entered, Fecci contends that this court does not have jurisdiction to consider the case.

▮ The Texas Rules of Appellate Procedure govern procedure in appellate courts. *See* Tex.R.App. P. 1. Rule 3.1(b) defines an appellate court as the courts of appeals, the Court of Criminal Appeals, and the Supreme Court. Consequently, even though the county court at law may have been acting in an appellate or reviewing capacity, the Texas Rules of Appellate Procedure are not applicable. *See Texas Dept. of Public Safety v. Story*, 1998 WL 116304, *9 (Tex.App.—Waco 1998, no writ). The Texas Rules of Civil Procedure control procedure in the county courts. *See* Tex.R. Civ. P. 2.

▮ The primary purpose of a motion for new trial is to give the trial judge an opportunity to cure any errors by granting a new trial, while the purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented and decided. *See Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex.1992) (Cornyn, J., concurring); *D/FW Commercial Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182,

189 (Tex.App.—Dallas 1993, no writ). Arguably, a motion for new trial and a motion for rehearing can be treated similarly in certain situations. *See El Paso Elec. Co. v. Public Utility Comm'n*, 715 S.W.2d 734, 737–38 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (analogizing Texas Administrative Procedure and Texas Register Act motion for rehearing to motion for new trial in civil practice for purposes of determining whether motion was prematurely filed). Similarly here, TDPS' "Motion for New Trial/Motion for Rehearing" was, for purposes of filing deadlines, a post-judgment motion. As such, TDPS complied with Tex.R. Civ. P. 329b, which allows such a motion to be filed within 30 days of the judgment being signed.

Additionally, while the Rules of Appellate Procedure do not apply to the county court's deadlines, those rules come into play when determining timetables applicable to this court. This post-judgment motion made in the lower court extended the time to file a notice of appeal in this court from 30 to 90 days. *See* Tex.R.App. P. 26(a). TDPS subsequently filed its notice of appeal within 90 days. As a result, we have jurisdiction over the present case.

## SUBSTANTIAL EVIDENCE REVIEW

▮ The county court's review of an administrative drivers' license suspension is based on the substantial evidence rule. *See* 1 Tex. Admin. Code § 159.37(a) (West 1998); *Texas Dept. of Public Safety v. Guajardo*, 970 S.W.2d 602, 604 (Tex.App.—Houston [14th Dist.] 1998, no pet.). The reviewing court shall reverse or remand the administrative court's decision if:

substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusion, or decisions are:

(A) unconstitutional or in violation of a statutory provision;

(B) beyond the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and

probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Govt.Code Ann. § 2001.174(2) (Vernon Pamph.1999). TDPS argues that Fecci did not prove to the county court that the administrative law judge's decision was arbitrary or capricious or not supported by substantial evidence. *See id.* § 2001.174(2)(E–F). Pursuant to section 2001.174, we review a legal determination by the ALJ *de novo* and review any findings of fact for support by substantial evidence. *Martin v. Dept. of Public Safety*, 964 S.W.2d 772, 774–775 (Tex. App.—Austin 1998, no pet.).

Fecci's license was suspended under Tex. Transp. Code Ann. § 724.035 (Vernon Pamph.1999), putting four fact issues in question at the administrative hearing: (1) whether probable cause existed to stop or arrest the person; (2) whether probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) whether the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) whether the person refused to submit to the taking of a specimen on request of the officer. Tex. Trans. Code Ann. § 724.042 (Vernon Pamph.1999). The ALJ must find in the affirmative on each issue in order to suspend the defendant's license. *See id.* § 724.043.

■ In considering whether the decision of the ALJ was not reasonably supported by substantial evidence, we are governed by the following principles:

(1) the court will hear and consider evidence to determine whether reasonable support for the agency's order exists, but the agency remains the primary fact finding body, and the question for the trial court is strictly one of law; (2) the trial court may not substitute its own judgment for that of the state agency on controverted issues of fact; (3) if the agency heard substantial evidence that would support either an affirmative or a negative finding, the trial court must allow the agency's order to stand, even if the court would

have differed with the result; (4) the trial court may not set aside the agency's ruling merely because there was conflicting or disputed testimony; and (5) the trial court is concerned only with the reasonableness of the agency's order, not its correctness.

*Texas Dept. of Public Safety v. Wilson*, 969 S.W.2d 438, 439–40 (Tex.App.—Fort Worth 1997, no pet.). *See also Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984). Substantial evidence review presents a question of law. *See Brinkmeyer*, 662 S.W.2d at 956. Consequently, this court reviews the trial court's conclusion that evidence did not support the ALJ's findings *de novo. See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994). "Substantial evidence" exists if reasonable minds could have reached the same conclusion. *See Wilson*, 969 S.W.2d at 439.

While the county court did not specify which issues it did not believe were proven at the administrative hearing, only two of the four factors are contested: refusal to submit a breath specimen and probable cause to believe Fecci operated a motor vehicle while intoxicated. Fecci does not dispute that probable cause existed to stop him, or that he was placed under arrest and requested to submit to the taking of a breath specimen.

### Refusal to Submit a Breath Specimen

■ Fecci contends that the video demonstrates that he never refused the request for a breath specimen and that the officer never informed Fecci that speaking with an attorney was not an option. When Officer Serna asked Fecci if he would take the breath test, Fecci replied that he wanted to talk to his attorney. Fecci did not tell the officer that he would not take the test. When Fecci requested an attorney, he was informed that no one other than police personnel and detained persons were allowed in the room. TDPS argues that by refusing to answer the question or by answering with a request for an attorney, Fecci refused the breath specimen.

In *Texas Dept. of Public Safety v. Raffaelli*, 905 S.W.2d 773 (Tex.App.—Texarkana 1995, no writ), Raffaelli was stopped by an officer after swerving his vehicle. The offi-

cer smelled alcohol on his breath and Raffaelli performed poorly on several field sobriety tests. *Raffaelli*, 905 S.W.2d at 776. Raffaelli was arrested, taken to the police station, and informed of his *Miranda* rights. *Id.* at 777. He was placed in a room containing a video camera and asked to perform additional field sobriety tests. *Id.* The officer read Raffaelli the statutory warnings regarding refusal to give a breath specimen. *Id.* When asked to give the specimen, Raffaelli asked for an attorney. *Id.* When asked again, Raffaelli continued to ask for an attorney. *Id.* The record reflected that the officer who requested the specimen informed Raffaelli that the presence of his attorney was not an option, but Raffaelli continued to insist on having an attorney present and did not consent to providing a breath specimen. *Id.* The administrative court suspended his license and the trial court reversed. *Id.* at 778. The Texarkana court of appeals set aside the trial court's reversal because it concluded that "[a]ny conflict in the evidence regarding Raffaelli's refusal to provide a breath specimen was a matter for the administrative law judge." *Id.* The court refused to substitute its judgment regarding the weight of the evidence for that of the state agency. *Id.* The court also noted that "although substantial evidence is more than a scintilla, the evidence in the record may preponderate against the decision of the agency but still amount to substantial evidence." *Id.*

■ In the present case, it is true, as Fecci asserts, that the officer did not inform Fecci that the presence of his attorney was not an option. Nevertheless, as the *Raffaelli* decision reflects, a defendant need not give the officer a definite "no" about whether or not he will take the test. Moreover, any conflict in the evidence concerning a defendant's refusal to provide a breath specimen is a matter for the administrative law judge to resolve. *See Texas Dept. of Public Safety v. Latimer*, 939 S.W.2d 240, 245 (Tex.App.—Austin 1997, no writ). Accordingly, the ques-

tion before this court is whether reasonable minds could have concluded from the evidence that Fecci refused to submit a specimen. In light of all the evidence, we find that reasonable minds could conclude that Fecci did so refuse.

### Operating a Motor Vehicle in a Public Place While Intoxicated

■ Fecci also argues that the video shows that he was not intoxicated, and thus, no probable cause existed to suspend his license for driving while intoxicated. Fecci was pulled over at approximately 10:30 p.m. and the video was made at 12:20 a.m. The video is inconclusive; Fecci slightly sways and exhibits halting speech patterns, but is able to carry on a conversation with the officer. However, regardless of the video, testimony was introduced supporting the finding that probable cause existed that Fecci was driving while intoxicated. Officer Broihier testified that Fecci was unsteady and exhibited a strong odor of alcohol on his breath, slurred speech, and bloodshot eyes. Officer Furgason also testified that Fecci performed poorly on all three sobriety tests. Even where evidence exists to support both propositions, this court must simply determine whether reasonable minds could have reached the conclusion of the factfinder. *See Latimer*, 939 S.W.2d at 244. In this case, the administrative law judge determined that probable cause existed to believe that Fecci was intoxicated while operating a motor vehicle in a public place. *See Held v. State*, 948 S.W.2d 45, 51 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd) (holding that smelling of alcohol, slurred speech, glossy, bloodshot eyes, leaning on car for support, and failing field sobriety tests constituted probable cause to arrest). Officer Furgason and Broihier's testimony amply support this conclusion. Consequently, substantial evidence indicates that probable cause existed to believe that Fecci was operating a motor vehicle in a public place while intoxicated. TDPS' first point of error is sustained.[1]

---

1. In TDPS' second point of error, which we need not address, TDPS supplements its argument that Fecci refused to submit to a breath test by trying to refute the possible reasoning of the county

court or perhaps the reason behind Fecci's confusion. We note this issue only to point out that preventing the collection of a breath sample because·a defendant has requested counsel "would

The judgment of the county court is reversed and the order of the administrative court is reinstated.

severely restrict police officers in the pursuit of lawfully collecting evidence of intoxication and ... would do nothing to further protect the privilege against self-incrimination." *McCambridge v. State,* 712 S.W.2d 499, 506 (Tex.Crim.App. 1986). By reading the required statutory and *Miranda* warnings, the officers did all that was necessary under the law. Under the relevant statutes, police officers are not required to inform arrested persons that having an attorney present is not an option in deciding whether or not to submit to a breath test, even where a defendant becomes confused after being told that one has a right to an attorney but is at the same time not allowed access to one. Like the *McCambridge* court, we recognize that while the Legislature is free to modify the required statutory warnings, "it would inappropriate for this Court to make such an expansion of statutory warnings absent legislative authority." *Id.* at 507 n. 18.