

### Court Of Appeals
### Fourth Court of Appeals District of Texas
### San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00687-CV

The **TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Louis Luna **CASTRO**,
Appellee

From the 112th Judicial District Court, Sutton County, Texas
District Court Cause No. 5490
Honorable Pedro Gomez, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   April 29, 2009

REVERSED AND RENDERED

This appeal involves the district court's reversal of an administrative law judge's decision authorizing the Texas Department of Public Safety (Department) to suspend Louis Luna Castro's driving privileges. In two points of error, the Department contends substantial evidence supported the administrative law judge's finding that Private Road 1115 is a public place and that Castro was driving while intoxicated. We reverse the district court's judgment and reinstate the order of the administrative law judge.

**FACTUAL BACKGROUND**

On February 28, 2008, Trooper Joseph Van Gundy responded to a report of a possible poacher in a white pick up truck on Private Road 1115 in Sutton County. Trooper Van Gundy stopped a truck fitting the description on Private Road 1115. Upon exiting the patrol vehicle, Trooper Van Gundy observed the driver, Louis Luna Castro, jump out of the driver's seat and switch seats with a female passenger, who was later identified as Olivia Sue Torres.

Trooper Van Gundy approached the vehicle and asked Castro why he switched seats with Torres. As Castro offered a number of explanations, Trooper Van Gundy detected an odor of alcohol on Castro's breath. Trooper Van Gundy asked Castro how much he had been drinking and what he and his fellow passengers were doing on Private Road 1115. Castro stated he had consumed approximately a six-pack of beer and was shooting at some targets. Believing Castro was intoxicated, Trooper Van Gundy asked Castro to take a preliminary breath test. When Castro refused to take the breath test, Trooper Van Gundy administered a field sobriety test in which he observed Castro lose his balance and sway from side to side. Trooper Van Gundy then arrested Castro for driving while intoxicated.

The Department sought to suspend Castro's driving privileges pursuant to section 724.035 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp. 2008). On April 15, 2008, an administrative hearing was held, and the administrative law judge issued a decision authorizing the Department to suspend Castro's driving privileges for 180 days. Castro appealed the order to the Sutton County Court. The case was then transferred to the 112th District Court for Sutton County, and the district court entered a judgment in favor of Castro rescinding the suspension of his driver's license. The district court expressly found that "the conclusion by the

administrative law judge that the Appellant was operating a motor vehicle in a public place is contrary to the facts." The Department appealed the district court's judgment.

### SUBSTANTIAL EVIDENCE REVIEW

The district court examines an administrative court's decision to suspend driving privileges under a substantial evidence rule. TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon 2008); *see also Tex. Dep't of Pub. Safety v. Sanchez*, 82 S.W.3d 506, 510 (Tex. App.—San Antonio 2002, no pet.); *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 138 (Tex. App.—San Antonio 1999, pet. denied). As the reviewing court, the district court shall reverse or remand an administrative court's decision if the appellant's substantial rights have been prejudiced because the administrative court's decision is not reasonably supported by substantial evidence. TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon 2008); *Fecci*, 989 S.W.2d at 138-39. Rather than the correctness of the decision, the district court must consider the reasonableness of the administrative court's decision and affirm the decision so long as the factual findings are reasonable, even if the evidence preponderates against it. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Sanchez*, 82 S.W.3d at 510. "'Substantial evidence' exists if reasonable minds could have reached the same conclusion." *Fecci*, 989 S.W.2d at 139. As a question of law, we review a district court's decision that evidence did not support the administrative court's decision de novo without affording any deference to the district court's finding. *Sanchez*, 82 S.W.3d at 510; *Fecci*, 989 S.W.2d at 139.

### DISCUSSION

Although presented as two issues on appeal, this appeal turns on whether Private Road 1115 is a public or private place. The Department contends Private Road 1115 is a public place within the meaning of section 1.07(a)(4) of the Texas Penal Code. The Department argues that the public

has unrestricted access to Private Road 1115 because it is open to use by anyone who drives in the area. Conversely, Castro contends that Private Road 1115 is a private driveway leading to personal residences. Castro asserts that because Private Road 1115 is an isolated private driveway in the country, the road has limited access and is not a public place.

To suspend driving privileges under section 724.042(2)(A) of the Texas Transportation Code, the Department must prove there was probable cause to believe the driver was operating a motor vehicle while intoxicated in a public place. TEX. TRANSP. CODE ANN. § 724.042(2)(A) (Vernon Supp. 2008). The Texas Penal Code defines "public place" as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." TEX. PENAL CODE ANN. § 1.07(a)(40) (Vernon Supp. 2008). Cast in broad language, the definition of public place is open ended, leaving discretion to the courts to interpret the definition and apply it to a variety of locations. *State v. Gerstenkorn*, 239 S.W.3d 357, 358-59 (Tex. App.—San Antonio 2007, no pet.); *Woodruff v. State*, 899 S.W.2d 443, 445 (Tex. App.—San Antonio 1995, pet. ref'd). Accordingly, we must focus our inquiry on whether the public has access to the place in question. *Gerstenkorn*, 239 S.W.3d at 359; *see also Woodruff*, 899 S.W.2d at 445 (indicating that if the public has *any* access to the place, then it is public).

In this case, Trooper Van Gundy's investigative report shows that the public had unrestricted access to Private Road 1115 and that Castro along with two other passengers were engaged in "shooting targets" along Private Road 1115. The evidence established that Castro and his passengers accessed the road, traveled along it, and engaged in activities on the road. Although Hilda Galvan, a local resident, submitted a written statement stating that the use and actual function of Private Road

1115 was limited to serving residents, and that local residents would occasionally stop unfamiliar vehicles on the road, this evidence highlights that the general public could gain access to Private Road 1115. While travelers on the road may have been infrequent, there is no evidence that the public was restricted from accessing Private Road 1115. *See Gerstenkorn*, 239 S.W.3d at 359 (emphasizing the extent of access as the proper inquiry); *Woodruff*, 899 S.W.2d at 445 (same). In addition, evidence that Sutton County refused to convert Private Road 1115 to a county road does not indicate that the public was restricted from accessing Private Road 1115. Accordingly, the evidence supports the administrative law judge's finding that Private Road 1115 falls within the broad definition of a public place as set forth under section 1.07(a)(40) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 1.07(a)(40) (Vernon Supp. 2008); *Gerstenkorn*, 239 S.W.3d at 358-59; *Woodruff*, 899 S.W.2d at 445. Because Private Road 1115 is a public place, there is substantial evidence to support the administrative law judge's decision to authorize the suspension of Castro's driving privileges for 180 days.

## CONCLUSION

The judgment of the district court is reversed, and the order of the administrative court is reinstated.

Rebecca Simmons, Justice